## W. T. SWEARINGEN *v.* R. McGEE AND WIFE.

**Bills and Notes—Consideration.**

> A compromise with the legatees, to avoid threatened litigation over the will of the testator, is held to be a good and binding consideration in a note given in full settlement to said devisees, when free from fraud and over-reaching.

APPEAL FROM BULLITT CIRCUIT COURT.

April 22, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The last will of Joseph Swearingen, the father of appellant and appellee Amantha, bears date May 19, 1860; the codocil is without date; and both were admitted to record November 19, 1860; by which the testator bequeathed the appellee Amantha $1200 and the remainder of his estate of near $20000, consisting of lands, slaves, choses in action, stock, &c., he devised to appellant with some incumbrances thereon. Amantha and her husband, Robert McGee, it is evident, were greatly dissatisfied, and threatened a legal resistance of the will.

In this state of affairs, a compromise was effected between the parties, in which, in addition to the payment of the legacy in cash notes, her brother, the appellant, agreed to and did execute the note sued on at five years date, without interest, for $3500, reciting therein the "consideration of a compromise of my father's will and estate with my sister Amantha," and dated January 1, 1861.

The note not being paid, this suit was brought for its recovery a few months after it fell due. To which he set up for defense that had his father died intestate he would have been entitled to as much as he got under the will when the advancements to the other children were taken into account; that he was young, ignorant, inexperienced and confiding, and incapable of undertaking his rights under said will, and whether it could be set aside, and that appellees, especially the husband, knowing all this, fraudulently represented to him that said paper was not the last will of his father, and threatened to institute legal proceedings to have it vacated, and to prevent this he executed said note.

Also that

> "before the execution of the note now sued on, the plaintiff R. D. McGee and Amantha McGee had accepted of the devise and legacy contained in said will, and executed to this defendant a full receipt therefor including the legacy of $1200, which receipt dated December 25, 1860, is filed herewith;"

and that at the date of said note she had no claim or pretence of claim under said will, and was estopped to deny its validity, and therefore the note was without consideration.

Also that after the execution of the note and previous to the suit, the plaintiff, knowing said note was not binding on him, at his instance had executed a full receipt against it, which was lost.

The evidence establishes that McGee and wife were threatening a law suit from the time of their knowledge of the will or soon thereafter and before they had received anything, either as part of the legacy or by way of compromise; that the note and receipt were executed the same day, to-wit: January 1, 1861, but that because some cash notes had been paid on the legacy, a few days before, the receipt was ante-dated; that W. T. Swearingen and R. D. McGee went to the office of Brown, who drew both the note and receipt, and he drew the receipt at his office, because McGee would not sign the receipt which Swearingen's lawyer had drawn up, as he did not like its terms and then before signing the receipt they all went over to McGee's residence, where the note and receipt were both signed and delivered.

There is not a scintilla of evidence that McGee and wife or either ever executed any receipt against the note, and that they

should have done so without consideration is anything else than probable.

W. T. Swearingen though but moderately educated, and had been kept at work on the farm, does not seem from the evidence to lack common sense, and the fact that his father made him an executor with larger powers and higher trusts than any one else, and to be the trustee and guardian of his infirm sister, manifests the confidence which the old man had in his capacity and frugality, and certainly his management of this case manifests anything else than a want of sense and cunning, for before executing the papers he had consulted an attorney and had such a receipt as he desired drawn up.

The payment of the legacy and the receipt of it by McGee and wife no doubt was part of the compromise; the transaction evidences this, for otherwise a receipt would have been executed when the payment was made; the only rational reason for its delay was because the note was not then executed. Had Brown, the draftsman of the receipt and note, died, the difference in dates might have had an important bearing on the case, but his evidence renders this wholly unimportant to appellant, and rather indicates favorable for appellees.

The compromise of family difficulties and threatened litigation is a meritorious and valuable consideration, favored, rather than discouraged, by the courts and the law, and when free from fraud and overreaching, as we think this case is, always to be upheld.

Mrs. McGee and her husband could not now assail the will, even if Swearingen should be permitted to escape from the note, for it is now too late, even if all other important witnesses should still be within their reach and the facts as revived in their recollection as then, all of which is, however, highly improbable.

It is by no means certain that this very thing was not then in Swearingen's contemplation, and hence it may have been important to him to gain this long time before any litigation over the note should occur.

But however all these things may be, we are satisfied that his defenses are not sufficiently made out to overcome the recited consideration of the note, which is confirmed, rather than overcome, by the evidence.

Wherefore, the judgment is *affirmed* with damages.

R. H. Field, Bullock, Anderson, for appellant.

A. H. Field & Riley, for appellees.